UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES E. PENROD, Jr.,

Plaintiff,

Case No.:

v.

ANTHONY BARRIERE,
JASON KRUEGER,
KYLE KINZER,
MATTHEW CURI,
PEP MORETTI,
ROBERT CRAWFORD,

Defendants.

## COMPLAINT

Plaintiff James E. Penrod, Jr., by and through his attorneys, Kravit, Hovel & Krawczyk, s.c., asserts the following for his Complaint against Defendants.

## INTRODUCTION

1. This case alleges violations of James Penrod's civil rights under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments. This case arises from the actions of officers Anthony Barriere, Jason Krueger, Kyle Kinzer, Matthew Curi, Pep Moretti, and Robert Crawford (collectively as "Defendants") on September 15, 2023, while placing James Penrod under arrest for a probation violation.

2. During the arrest, Mr. Penrod offered no active resistance and posed no immediate threat to the officers or others, but Anthony Barriere ordered

his K-9 unit to attack Mr. Penrod, causing him substantial and permanent injuries and disfigurement.

3. Anthony Barriere's K-9 attacked Penrod both before and after Penrod was handcuffed. While Penrod was handcuffed and being bitten by the K-9, Officer Barriere said, "good dog" several times.

4. The five other officers—Jason Krueger, Kyle Kinzer, Matthew Curi, Pep Moretti, and Robert Crawford (collectively "Bystander Defendants") were within six to ten feet of Penrod and did not intervene in any way to stop or mitigate Barriere's excessive and unreasonable use of force.

## PARTIES

5. Plaintiff James E. Penrod, Jr. is an adult resident of the State of Wisconsin whose domicile is located at Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, Wisconsin 53177.

6. Defendant Anthony Barriere is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

7. Defendant Jason Krueger is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

8. Defendant Kyle Kinzer is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

9. Defendant Matthew Curi is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

10. Defendant Pep Moretti is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

11. Defendant Robert Crawford is employed as a police officer by the Kenosha Police Department, located at 1000 55th Street, Kenosha, Wisconsin 53140.

## VENUE AND JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331 because the complaint seeks redress for the violation of Penrod's civil rights pursuant to 42 U.S.C. § 1983.

13. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2).

## GENERAL FACTUAL ALLEGATIONS

14. On or around September 15, 2023, a member of the public (the "Witness") reported that Mr. Penrod was in the vicinity of 3300 Sheridan Road, Kenosha, WI and was wanted by police.

15. All six Defendants and several other Kenosha police officers responded along with two K-9s ("responding officers").

16. The responding officers were informed that Penrod was wanted for a probation violation.

17. The responding officers conducted a search for Penrod and interviewed several civilian bystanders in an empty parking lot across highway 32 from 3300 Sheridan Road, Kenosha, WI.

18. One of the responding officers, Matthew Curi, informed a bystander that they were looking for someone, but that the person was "not supposed to be armed."

19. Several of the responding officers, including Pep Moretti and Matthew Curi, informed bystanders that they should leave the immediate area because the officers were using K-9's that posed a risk to their safety.

20. While the responding officers were searching for Penrod, the Witness was communicating intermittently with dispatch providing information on Penrod's location. At one point, the Witness informed the dispatcher that Mr. Penrod was hiding in the bushes near two officers.

21. Some of the responding officers, including Anthony Barriere, Matthew Curi, Robert Crawford, and Pep Moretti, began searching the bushes near where Penrod was hiding, and Defendant Barriere approached with his K-9 on a leash.

22. When he noticed officer Barriere and his K-9 searching the bushes he was hiding in, Penrod announced his presence to the responding officers by telling saying, "Ok, ok, ok" and several of the officers responded, "hands up."

23. Penrod, while laying on his back in the bushes, obeyed the commands and put his hands out above his head.

24. Four other responding officers were approximately six to ten feet from Penrod. Three of these officers had their pistols drawn, and one officer had a taser drawn.

25. The K-9 unit, after finding Penrod, came back to his handler, Officer Barriere. Officer Barriere then directed the K-9 back to Penrod, ordering the K-9 to attack him. The K-9 began violently biting Penrod on the left side of his torso.

26. Around this time, officer Kinzer arrived on scene and was in the immediate vicinity with his pistol drawn.

27. When he was being bitten, Penrod briefly lowered his hands to protect himself. This attempt was unsuccessful, and the K-9 continued to bite Penrod on his chest and stomach. Again, complying with the officers' demands, Penrod immediately put his hands back above his head while the K-9 continued to bite him.

28. Officer Barriere instructed Penrod to get out of the bushes while the dog was attacking Penrod.

29. Penrod, while still laying on his back and being bitten by the K-9, responded, "Ok, ow, ow, ok, get the dog off of me, ok, get the dog, get the dog."

30. Officer Barriere again said, "get out of the bushes."

31. Penrod responded, "Ok, ow, I can't, get the dog, get the dog."

32. While the dog was biting Penrod and Penrod was screaming in pain, Officer Barriere said, "Good boy, good boy, good boy."

33. Officer Barriere told Penrod to give him his hands, and Penrod complied while the dog was still biting him.

34. Officer Barriere pulled Penrod's right arm, flipping him over onto his stomach in a prone position while the K-9 continued to bite him, moving from Penrod's torso to his legs. The K-9 violently thrashed and yanked Penrod's leg, inflicting serious injuries while Officer Barriere took control of both of Penrod's arms and placed him in handcuffs.

35. While Penrod was laying on his stomach in a prone position and Officer Barriere had control of Penrod's hands, Officer Barrier continued to say "good boy, good boy" while the K-9 violently bit and yanked on Penrod's leg. Penrod offered no resistance.

36. Penrod pleaded, "Ow, ow, get the dog, please" while Officer Barriere place him in handcuffs.

37. After Penrod was in handcuffs, still laying in a prone position and completely defenseless, Officer Barrier told him to "stop fighting the dog" as the dog bit and yanked on Penrod's leg. Penrod responded, "I'm not" as the dog continued to bite his legs.

38. After Mr. Penrod was secured in handcuffs, the K-9 continued to bite Mr. Penrod's legs. Another officer in the vicinity can be heard saying "good boy" as Penrod was on his stomach, handcuffed, and being violently bitten by the K-9.

39. Officer Barriere yanked and dragged Penrod by his arm in the opposite direction the dog was pulling from.

40. Officer Barriere walked around to Penrod's legs while Officer Kyle Kinzer held Penrod's arms and yanked him again in the opposite direction than the K-9.

41. Officer Barriere pulled the K-9 by its collar, pulling the K-9 and Penrod's leg into the air while Officer Kyle Kinzer pulled Penrod's arm in the opposite direction. After pulling the K-9 and Penrod's leg into the air, Officer Barriere gave the K-9 the first command to release Penrod by saying "Loose, loose."

42. The K-9 immediately followed Officer Barriere's command and released Penrod.

43. Mr. Penrod offered no active resistance to the officers and complied with the officers' commands throughout the arrest.

44. As a result of the bites from the K-9 unit, Mr. Penrod suffered severe injuries to his torso and legs, received numerous sutures, permanent scarring, constant and protracted pain, and severe mental and emotional suffering.

45. Officer Barriere's use of the K-9 was excessive and unreasonable.

46. Officers Jason Krueger, Kyle Kinzer, Matthew Curi, Pep Moretti, and Robert Crawford (collectively "Bystander Defendants") were in the immediate vicinity of Defendant Anthony Barriere during the arrest and witnessed Barriere using excessive and unreasonable force against Penrod. Bystander Defendants had the opportunity to stop or mitigate Barrier's use of force but did

nothing to stop or mitigate the unreasonable and excessive force Barriere used against Penrod.

## FIRST CAUSE OF ACTION
## (FOURTH AMENDMENT AND FOURTEENTH AMENDMENT: EXCESSIVE FORCE AGAINST OFFICER ANTHONY BARRIERE)

47. Plaintiff restates and realleges all previous allegations as if fully stated herein.

48. Defendant Anthony Barriere used unreasonable and excessive force against Plaintiff while conducting an arrest and/or detention on or around September 15, 2023.

49. Defendant Anthony Barriere, a police officer of the Kenosha Police Department, was acting under color of law while using excessive and unreasonable force against the Plaintiff.

50. Defendant Anthony Barriere's use of excessive and unreasonable force was intentional and/or in reckless disregard of Penrod's constitutional rights.

51. Defendant Anthony Barriere's unreasonable and excessive use of force was the proximate cause of the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

52. Defendant Anthony Barriere's unreasonable and excessive use of force was the proximate cause of Plaintiff's injuries.

## SECOND CAUSE OF ACTION
## (CLAIM FOR FAILURE OF "BYSTANDER" OFFICERS TO INTERVENE AGIANST OFFICERS JASON KRUEGER, KYLE KINZER, MATTHEW CURI, PEP MORETTI, ROBERT CRAWFORD)

53. Plaintiff restates and realleges all previous allegations as if fully stated herein.

54. Officer Anthony Barriere used unreasonable and excessive force against Plaintiff while conducting an arrest and/or detention on or around September 15, 2023.

55. Officers Jason Krueger, Kyle Kinzer, Matthew Curi, Pep Moretti, and Robert Crawford (collectively "Bystander Defendants") knew Officer Anthony Barriere was about to and subsequently did use excessive force on Plaintiff.

56. Bystander Defendants were in the immediate vicinity of Plaintiff and Officer Anthony Barriere while excessive force was being used and witnessed the incident.

57. All Bystander Defendants had a realistic opportunity to do something to prevent harm from occurring.

58. All Bystander Defendants failed to take reasonable steps to prevent harm from occurring.

59. While Plaintiff was lying on his stomach and being violently attacked by the K-9, none of the Bystander Defendants told Anthony Barriere to release the K-9, nor did they take any steps to compel or persuade Anthony Barrier to stop using force against Plaintiff.

60. Bystander Defendants' failure to act caused Plaintiff to suffer harm.

61. All Bystander Defendants acted under color of law.

**WHEREFORE**, Plaintiff James E. Penrod, Jr. demands a judgment for:

a. An order compelling the Kenosha Police Department to terminate the employment of Officer Barriere;

b. An order compelling the Kenosha Police Department to provide the Bystander Defendants with training on their duty to intervene when another officer is using excessive and unreasonable force;

c. An award for compensatory relief at an amount to be determined at trial;

d. An order for punitive damages against the individual defendants in an amount to be determined at trial;

e. An award of the Plaintiff's attorney fees and costs; and

f. Such other further relief as the Court deems just and equitable.

**TRIAL BY JURY OF 12 DEMANDED**

Dated: February 21, 2025

KRAVIT, HOVEL & KRAWCZYK s.c.

*s/Wesley E. Haslam*
Wesley E. Haslam
State Bar No. 1121993
Brian T. Fahl
State Bar No. 1043244
825 North Jefferson St., Ste. 500
Milwaukee, Wisconsin 53202
(414) 271-7100 (telephone)
(414) 271-8135 (facsimile)
weh@kravitlaw.com
btf@kravitlaw.com
*Attorneys for Plaintiff*